UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CSAA GENERAL INSURANCE COMPANY, | Case No. 3:22-cv-00440-LRH-CSD |
| Plaintiff, | ORDER |
| v. | |
| MARILEE MALLETT, an individual, RAYMOND MALLETT, an individual, and ALISHA FENNELLY, an individual, | |
| Defendants. | |

    Plaintiff CSAA General Insurance Company ("CSAA") filed its Complaint for Declaratory Judgment and Other Relief on October 5, 2022. ECF No. 1. On October 11, 2022, a copy of the Complaint and Summons were served upon Defendants Marilee Mallett and Raymond Mallett. ECF Nos. 3, 4. Defendant Alisha Fennelly was served on November 11, 2022. ECF No. 6.

    The Complaint involves an incident that occurred on November 15, 2017, between Defendant Marilee Mallett who was operating a Chevrolet Equinox that allegedly collided with the rear of a vehicle being operated by Defendant Alisha Fennelly. ECF No. 1, 4:13-16. The Chevrolet Equinox was allegedly owned by Ms. Mallett's mother and insured with Allstate Insurance (*Id.* at 4:16-19), but regularly and consistently driven by Ms. Mallett (*Id.* at 4:20-22). Ms. Fennelly filed a complaint in the Second Judicial District Court, County of Washoe, State of

Nevada captioned *Alisha Fennelly v. Marilee Hunt-Mallett*, Case No. CV19-02205 alleging that as a result of the accident Ms. Fennelly was injured and received treatment. *Id.* at 4:22-27.

Marilee Mallett and Raymond Mallett were insureds of CSAA at all times relative to the Complaint. *Id.* at 2:18-22. Marilee Mallett has made a claim on the Automobile liability insurance policy that CSAA provided. *Id.* at 5:4-7. "The policy at issue has liability limits of $15,000.00 per each occurrence." *Id.* at 3:11-17. CSAA alleges that this vehicle does not qualify as a covered vehicle or non-owned vehicle under Ms. Mallett's automobile policy. *Id.* at 6:3-9.

CSAA seeks, among other things, declaratory relief from this Court to determine and adjudicate the rights, duties and responsibilities of CSAA and the named Defendants with respect to the matters set forth in its Complaint, that there is no coverage for the incident complained in *Alisha Fennelly v. Marilee Hunt-Mallett,* Second Judicial District Court, Case No. CV19-02205 under CSAA's applicable policies, and that there is no coverage owed to Marilee Mallett or Raymond Mallett under their policy. *Id.* at 8:1-8.

When a plaintiff's lawsuit, as here, is based on diversity jurisdiction, the plaintiff has the burden of proving that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). It is undisputed that the parties in this case are of diverse citizenship. ECF No. 1, 1:23-2:18. Thus, the only diversity jurisdiction question is whether the amount in controversy exceeds $75,000.

Generally, the amount in controversy in a liability coverage case is "the value of the underlying potential tort action." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). When either (1) "the validity of the entire insurance policy is at issue" or (2) "the value of the underlying tort claims exceeds the liability ceiling," the liability limits of the policy are relevant in determining the amount in controversy. *Id.*

Conceding that this lawsuit seeks the determination of whether an insurance policy with a liability limit of $15,000 covers an accident, CSAA has not shown that the amount in controversy requirement is satisfied. Further, the only question raised by CSAA's Complaint is whether Ms. Mallett's insurance policy would apply to the accident that was at issue in the state court lawsuit between Ms. Fennelly and Ms. Mallett. If the policy applies to that accident, CSAA's liability is

2

limited to $15,000 even if the damages for the accident exceeds the liability limit. ECF No. 1 at 3:11-17. Thus, CSAA's liability is limited to $15,000 if the accident is covered by the policy. Accordingly, the amount in controversy falls far short of exceeding $75,000.[1]

The Court therefore lacks subject matter jurisdiction over the current matter and must dismiss *sua sponte*.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that CSAA's Motion for Default Judgment (ECF No. 9) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall mail a copy of this Order to the Defendants at the addresses they were served at in ECF Nos. 3, 4, and 6.

IT IS FURTHER ORDERED that the Clerk of the Court enter final judgment accordingly, dismiss the action, and close the case.

IT IS SO ORDERED.

DATED this 9th day of March, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Although CSAA's Complaint also seeks attorney fees, there has been no showing that CSAA would qualify to recover them and no showing of what those attorney fees are.